**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROSALIND BROOKS and MALCOLM BROOKS, <br><br> Plaintiffs, <br><br> v. <br><br> NEIL LURIA, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-02094-APG-CWH <br><br> **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> (Dkt. #17) |

Plaintiffs Rosalind Brooks[1] and Malcolm Brooks filed a one-page complaint alleging the defendants trespassed on their property "by way of deceptive instruments" that "were used to acquire and administrate [their] property without rights." (Dkt. #1 at 1.) Defendants NBS Default Services, LLC, Lindsey Morales, and Nancy Young move to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim.

United States district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court has original jurisdiction over cases "arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a). The party asserting that this Court has jurisdiction bears the burden of establishing it. *See Kokkonen*, 511 U.S. at 377.

The complaint appears to assert a single claim for trespass, which does not arise under the Constitution, laws, or treaties of the United States.[2] I therefore lack subject matter jurisdiction

---

[1] Rosalind Brooks did not sign the complaint. Malcolm Brooks cannot appear pro se on her behalf. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.").

[2] To the extent the complaint also vaguely refers to "fraud," a fraud claim likewise does not arise under the Constitution, laws, or treaties of the United States.

under 28 U.S.C. § 1331 because a federal question is not presented on the face of the plaintiffs' complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The complaint does not contain any allegations regarding the plaintiffs' or defendants' citizenship. The defendants move to dismiss the complaint on the basis that no diversity jurisdiction exists, primarily because defendant Lindsey Morales and the plaintiffs are Nevada citizens. (Dkt. #17 at 5.) The plaintiffs did not respond to this motion and thus have presented no allegations, evidence, or argument that the plaintiffs and defendants are completely diverse. They therefore have not met their burden of establishing that subject matter jurisdiction exists in this Court. I dismiss this action for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction **(Dkt. #17) is GRANTED**.

IT IS FURTHER ORDERED that **this action is DISMISSED for lack of subject matter jurisdiction**.

DATED this 29th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE